02-11-367-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00367-CR

 

 


 
 
 Richard
 Arthur Bagwell
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Court at Law
 No. 2
  
 of
 Parker County (CCL2-11-0062)
  
 February
 7, 2013
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00367-CR

 

 


 
 
 Richard Arthur Bagwell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Court at Law No. 2 OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Richard Arthur Bagwell of the Class B misdemeanor
offense of attaching to or displaying on a motor vehicle a fictitious
registration insignia.  The trial court sentenced him to thirty days’ confinement
and a fine of $100 pursuant to a post-guilty verdict plea bargain.

In two
points, Appellant contends that the evidence is insufficient to support the
jury’s verdict and that the trial court reversibly erred and abused its
discretion by overruling his objection to the jury charge.  Because the
evidence is sufficient to support the jury’s verdict and Appellant suffered no
harm as a result of the erroneous jury instruction, we overrule Appellant’s two
points and affirm the trial court’s judgment.

Statement
of Facts

Azle
police officer Thomas Berrettini testified that he was working on patrol on the
evening shift of September 12, 2010, when he noticed a Chevy pickup truck with
a camper traveling on Northwest Parkway in Parker County around 9:30 p.m.  Berrettini
testified that he ran a license plate check on his car’s computer and
determined that the pickup had an expired vehicle registration.  When Berrettini
pulled the pickup truck over, the driver, Appellant, identified himself with a
U.S. passport.  The computer check also showed that several Class C ticket
warrants were outstanding for Appellant’s arrest.

Berrettini
noticed something wrong with the registration sticker on the pickup’s windshield.
 He described it as having “cutouts on the registration,” and he reached inside
the pickup and removed the sticker.  Berrettini testified that when he showed
the sticker to Appellant and read Appellant his Miranda[2]
warnings, Appellant replied, “[N]o comment.”

The
trial court admitted State’s Exhibit 1 and 2.  State’s Exhibit 2 is a
registration sticker issued for the pickup truck Appellant was driving.  It
contains an expiration date of “04/10.”  State’s Exhibit 1, a sticker that was somehow
affixed on top of the face of State’s Exhibit 2 inside the pickup truck’s
windshield, is a registration sticker for a 2001 Hyundai four-door car.  State’s
Exhibit 1 has an expiration date of “08/10.”  Someone had placed a small piece
of paper with a handmade Arabic “1” over the 0 so that the State’s Exhibit 1
registration sticker displayed its year of expiration as “11.”  Thus, State’s
Exhibit 1 as modified was the registration sticker that was visible to those
looking at the pickup’s windshield from its exterior.  A computer check showed
that Appellant was the registered owner of both vehicles.

Berrettini
admitted that from inside the pickup truck, it was not possible to see the
numbers on the face of the stickers because the bottom sticker, State’s Exhibit
2, had a blue back.  He also admitted that Appellant could have been telling
the truth when he told Berrettini that he did not know his registration was
expired.  Berrettini further admitted that he did not know whether Appellant
was the only person who ever operated the pickup truck.  Berrettini also
admitted that anybody operating the pickup truck from time to time could have
put the sticker on the windshield.  But Berrettini also testified that the
altered registration was not difficult to see and that it was not difficult to
recognize that something was not right about the sticker.

The
State concedes that there is no direct evidence about how the sticker was
placed on the inside of the windshield or about who attached it.

Sufficiency
of the Evidence

Former
section 502.409(a)(4) of the transportation code, the controlling statute,
provided at the time of the offense, “WRONG, FICTITIOUS, ALTERED, OR OBSCURED
LICENSE PLATE.  (a) A person commits an offense if the person attaches to or
displays on a motor vehicle a number plate or registration insignia that: . . .
is fictitious[.]”[3]  In our due-process
review of the sufficiency of the evidence to support a conviction, we view all
of the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.[4]
 The standard of review is the same for direct and circumstantial evidence
cases; circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor.[5]
 In determining the sufficiency of the evidence to show an appellant’s intent,
and faced with a record that supports conflicting inferences, we “must
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflict in favor of the prosecution, and must defer
to that resolution.”[6]

We measure
the sufficiency of the evidence by the elements of the offense as defined by
the hypothetically correct jury charge for the case, not the charge actually
given.[7] 
Such a charge is one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.[8] 
The “law as authorized by the indictment” means the statutory elements of
the charged offense as modified by the factual details and legal theories
contained in the charging instrument.[9]
 When multiple theories are presented to the jury in the application paragraph,
the verdict of guilt will be upheld if the evidence is sufficient on any of the
theories possible that were alleged in the charging instrument.[10] 
That is, the propriety of charging the jury on a theory not included in the
indictment or information is a charge issue, not a sufficiency issue.  But
sufficiency is measured only against offenses alleged in the charging
instrument—the indictment or information, not against acts contained in the
application paragraph but not in the charging instrument.[11]

The
amended information in the case sub judice charged in Count III that Appellant
did then and there

intentionally or
knowingly display or cause or permit to be displayed on a motor vehicle
to-wit:  a Chevrolet pickup truck, a registration insignia that was fictitious,
in that the registration insignia had been altered to reflect a registration
period ending August 2011.

The
jury charge, however, instructed the jury that “[o]ur law provides that a
person commits an offense if he intentionally and/or knowingly attaches to or
displays on a motor vehicle a number plate or registration insignia that is
fictitious.”  The trial court defined fictitious as “not
genuine.”  In the application paragraph, the trial court charged the jury,

Now, if
you find from the evidence beyond a reasonable doubt that on or about September
12, 2010 in Parker County, Texas, [Appellant] did intentionally and/or
knowingly attach to or display on a motor vehicle a number plate or
registration insignia that was fictitious, then you will find [him] guilty as
charged.

Thus, the amended information, the charging instrument in this
case, contained no allegation that Appellant attached or displayed a “number
plate,” but both the instruction on the law and the application paragraph
included attaching or displaying a number plate, which is a license plate.  The
jury was therefore instructed on a theory not contained in the information.  The
hypothetically correct jury charge would not contain an instruction or a
definition that was not part of the charging instrument.[12]
 In evaluating the sufficiency of the evidence, then, we do not consider whether
there was evidence that Appellant attached or displayed a license plate to his pickup
truck.  We examine the record to determine only whether there was a fictitious
registration insignia.  “Registration insignia” was not defined in the jury
charge.  Our best guess is that the altered sticker referred to by Berrettini is
a registration insignia.

Only Berrettini testified.  He testified to what he saw, and he
also testified about Appellant’s statements made before his arrest.  The jury
heard that someone had turned a 2010 sticker into a 2011 sticker by placing a
handwritten “1” over the “0.”  The jury also saw the stickers offered by the
State and admitted by the trial court.  The jury had to determine whether it
was reasonable to believe that Appellant was not aware of the condition of the
sticker.  While there is no direct evidence that it was Appellant who placed
the sticker on his pickup truck, if he knew the sticker had been tampered with
and left it on his windshield while he drove his pickup truck, that would be
sufficient evidence that he knowingly displayed the sticker.[13]
 One definition of “display” is “to show or exhibit.”[14]
 When Appellant drove his pickup truck on a public road with the sticker on his
windshield, he was showing or exhibiting the sticker; he was therefore displaying
it.  Applying the appropriate standard of review, we hold that the evidence is
sufficient to permit a jury to find Appellant guilty beyond a reasonable doubt
of knowingly displaying the tampered-with sticker on his pickup truck.[15]
 We overrule Appellant’s first point.

Charge
Error

In
his second point, Appellant argues that the trial court erroneously instructed
the jury that it could convict him of displaying a fictitious license plate
although the charging instrument contained no such allegation.  The State
concedes this error.  The issue, therefore, is twofold:  was Appellant’s
objection sufficiently specific to inform the trial court of its error, and did
Appellant suffer harm as a result of the erroneous instruction?

Appellant
objected that the evidence was not sufficient to submit “this or any other
charge of the offense to a jury.”  Appellant also
objected that “the application paragraph would charge in the abstract very
significantly from what [he had] pled guilty [sic] to in the Court’s amended
information and complaint, and [he] object[ed] to that variance and that it
significantly reduce[d] the State’s burden.”  The State argues that the
objection was insufficiently specific to put the trial court on notice that the
reference to the license plate was improper.  We hold that Appellant’s
objection that there was a variance between the jury instruction and the amended
information that reduced the State’s burden of proof was sufficient to place
the trial court on notice that Appellant was objecting to the variance between
the jury charge and the amended information.

Error
in the charge, if timely objected to in the trial court, requires reversal if
the error was “calculated to injure the rights of [the] defendant,” which means
no more than that there must be some harm to the accused from the error.[16]  In other words,
a properly preserved error will require reversal as long as the error is not
harmless.[17] 
In making this determination, “the actual degree of harm must be assayed in
light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel and
any other relevant information revealed by the record of the trial as a whole.”[18]

The
State argues that the prosecutor did not mention the phrase “license plate” in
his final argument.  That is not exactly accurate.  The prosecutor stated
“Officer Berrettini . . . stopped a vehicle because when he ran a back license
plate it came back as being an expired registration.”  The
prosecutor repeatedly referred to the fact that the sticker was in the left
front of the windshield.  But the prosecutor also referred to the registration
sticker as an inspection sticker.  Of course, Appellant was not accused of having
a fictitious inspection sticker.  Nor was the jury instructed that they could
convict him of displaying a fictitious inspection sticker.

Having
closely examined the record in its entirety, there is no evidence that
Appellant displayed a fictitious license plate.  And, although a license plate
was mentioned by both the prosecutor and the defense in final argument, the
suggestion was not made in the context of convicting Appellant for displaying a
fictitious license plate, a crime with which he was not charged.  Consequently,
we hold that Appellant suffered no harm as a result of the erroneous jury instruction.
 We, therefore, overrule his second point.

Conclusion

Having
overruled Appellant’s two points on appeal, we affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]Miranda v. Arizona,
384 U.S. 436, 86 S. Ct. 1602 (1966).





[3]Act effective Sept. 1,
2003, 78th Leg., R.S., ch. 837, §§ 1, 2, 2003 Tex. Gen. Laws 2625, 2625, amended
and redesignated by Act effective Jan. 1, 2012, 82nd Leg., R.S., ch. 1296,
§ 159, 2011 Tex. Gen. Laws 3685, 3685–86 (current version at Tex. Transp. Code
Ann. § 502.475(a)(4) (West 2012)).





[4]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v. State, 364
S.W.3d 900, 903 (Tex. Crim. App. 2012).





[5]Isassi v. State,
330 S.W.3d 633, 638 (Tex. Crim. App. 2010); Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).





[6]Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).





[7]Byrd v. State, 336
S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997)).





[8]Id.





[9]See Curry v. State,
30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).





[10]Hooper, 214 S.W.3d
at 14.





[11]Byrd, 336 S.W.3d
at 246.





[12]See id.





[13]Act effective Sept. 1,
2003, 78th Leg., R.S., ch. 837, §§ 1, 2, 2003 Tex. Gen. Laws 2625, 2625
(amended and redesignated 2011).





[14]Display
Definition, Dictionary.Com, http://dictionary.reference.com/browse/

display
(last visited Feb. 5, 2013).





[15]Matson, 819 S.W.2d
at 846.





[16]Tex. Code Crim. Proc.
Ann. art. 36.19 (West 2006); Abdnor v. State, 871 S.W.2d 726, 732 (Tex.
Crim. App. 1994); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (op. on reh’g); see also Louis v. State, No. PD-0323-11, 2012 WL
2007632, at *8 (Tex. Crim. App. June 6, 2012) (noting that the jury charge harm
analysis standards under Almanza are well-established).





[17]Almanza, 686
S.W.2d at 171.





[18]Id.; see also
Barron v. State, 353 S.W.3d 879, 884 (Tex. Crim. App. 2011) (elaborating on
the importance of considering the entire jury charge).